UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LIONS WEALTH HOLDINGS, INC.; LIONS WEALTH SERVICES, INC.; 20/20 PRECIOUS METALS, INC.; and BHARAT ADATIA,<br><br>Defendants. | Case No. 2:13-cv-01787-APG-PAL<br><br>**ORDER TRANSFERRING CASE**<br><br>(Dkt. #12) |

On November 13, 2013, Defendants filed a motion seeking to have this case dismissed or transferred for improper venue, or to transfer the case based on 28 U.S.C. §1404. [Dkt. #12.] After consideration of the briefs and declarations filed in support and opposition to the Motion, and for the reasons set forth below, the court grants the motion in part and transfers this case to the United States District Court for the Southern Division of the Central District of California.

**I.      This Court is not a Proper Venue.**

Venue is proper in a "judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. §1391(b)(1).  Individual Defendant Bharat Adatia is not a resident of Nevada. [Dkt. #12 at 3:22-23.] Therefore, venue is not proper pursuant to that provision.

Venue also is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 USC §1391(b)(2). Plaintiff contends in its Response that "Defendants' acts and practices in violation of the Act have occurred within this District, among other places." [Dkt. #16 at p. 6.] But Plaintiff does not support that naked contention with any factual allegations. Nor does Plaintiff rebut Defendants' contention that they "never engaged in any of the disputed transactions with any residents of Nevada." [Dkt. #12 at 4:23-24.] Moreover, Plaintiff contends that Defendants solicited customers in all 50 states. [Dkt. #16 at p. 4.] Finally, it appears that the Corporate Defendants maintained their principal places of business in the Central District of California. [*Id.* at 4:11-14.]

Plaintiff admits that "[o]nce a defendant raises objection to venue, the plaintiff bears the burden of establishing that the selected venue is proper." [Dkt. #16 at p. 3, citing *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).] Plaintiff has failed to satisfy its burden of establishing that this court is a proper venue for this case. The court does not find that Plaintiff deliberately filed this case in the wrong venue; therefore, the interests of justice suggest that the case should be transferred rather than dismissed. 28 U.S.C. §1406(a). Defendants admit that jurisdiction and venue are proper in the Southern Division of the Central District of California. Therefore, this case will be transferred there.

**II. In the Alternative, This Case Should be Transferred Pursuant to 28 U.S.C. §1404(a).**

Even if venue is proper in this district, the case should be transferred to the Central District of California pursuant to 28 U.S.C. §1404(a).

> A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case. For example, the court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the

> forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. . . . We also conclude that the relevant public policy of the forum state, if any, is at least as significant a factor in the § 1404(a) balancing.

*Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498-99 (9th Cir. 2000). In the present case, these factors favor transfer to the Central District of California.

It is unclear where the relevant contracts were negotiated and executed, but Plaintiff contends that Defendants solicited customers in all 50 states. [Dkt. #16 at p. 4.] The relevant contracts apparently contain either Nevada or California choice of law provisions, and the Plaintiff's primary claims will be governed by federal law. [Dkt. #17 at 4:1-14.] Thus, factors one and two are neutral. Most, if not all, of the relevant documents are maintained electronically. [Dkt. #16 at p. 4.] The three Corporate Defendants are Nevada entities, but maintained their principal places of business in California; they now are out of business. [Dkt. #12 at 4:7-10.] It is unclear how much contact Individual Defendant Adatia has with Nevada. Plaintiff is not a Nevada resident and has no little, if any, contact with Nevada. Thus, factors four and five are neutral. Plaintiff's primary witnesses reside in Chicago, Miami and London, with one additional witness in Nevada. [*Id.* at pp. 12-13.] However, at least 14 of the Defendants' witnesses reside in southern California. [Dkt. #12 at 10:24-25.] Compulsory process would not be available to compel attendance of any of these non-party witnesses at trial in Nevada. Even if they agreed to travel to Nevada, the costs for travel and lodging could be significant.[1] Thus, factors six, seven and eight favor California, as that is where much of the Defendants' source of proof is; at a minimum, these factors do not favor Nevada.

---

[1] On the other hand, Plaintiff's witnesses in Chicago, Miami and London will have to travel to Las Vegas or California, or be deposed. Thus, the incremental litigation costs associated with those witnesses is minimal.

3

For the foregoing reasons, even if this court is a proper venue for this dispute, this case should be transferred to the Southern Division of the Central District of California.

**IT IS HEREBY ORDERED** that this case is transferred to the Southern Division of the Central District of California.

Dated: December 9, 2013.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE