# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **U. S. COMMODITY FUTURES TRADING COMMISSION,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**LIONS WEALTH HOLDINGS, INC., LIONS WEALTH SERVICES, INC., 20/20 PRECIOUS METALS, INC. and BHARAT ADATIA,**<br><br>**Defendants.** | NOTE: CHANGES MADE BY THE COURT<br><br><br>**Case No. SACV 13-01923 JLS (JPRx)**<br><br>**Hon. Josephine L. Staton**<br><br>**Stipulated Protective Order** |

WHEREAS, Plaintiff U.S. Commodity Futures Trading Commission ("CFTC" or "Commission") and Defendants Lions Wealth Holdings, Inc. and Lions Wealth Services, Inc. (collectively "Lions Wealth"), 20/20 Precious Metals, Inc. ("20/20 Metals"), and Bharat Adatia ("Adatia") (collectively "Defendants") (the Commission and Defendants are hereinafter referred to collectively as the "Parties" or any one individually as a "Party"), through their respective counsel of record, anticipate that discovery in this matter (the "Action") is likely to involve the disclosure of confidential or sensitive commercial, personal, financial or business information; and

WHEREAS, the Parties desire to enter into an agreement pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect such confidential or sensitive commercial, personal, financial and/or business information ("Protective Order");

It is hereby STIPULATED, AGREED and ORDERED as follows:

A.    **Scope**

1.    This Protective Order shall govern the use of all materials or other information supplied or produced in the course of discovery, including initial disclosures, responses to discovery requests, and deposition testimony and exhibits, by and among the Parties and any non-parties to the Action in connection with discovery in the Action, whether supplied or produced pursuant to a formal discovery request or subpoena, a request made at a deposition, or any other formal or informal means (such information hereinafter referred to as "Discovery Material").  This Protective Order shall also govern the filing of certain information under seal and certain other matters in connection with this Action.  All Parties and their attorneys, as well as non-party participants, shall comply with the terms and procedures set forth below with respect to documents and materials produced or disclosed in discovery.  Notwithstanding anything else contained herein, nothing in this Protective Order shall in any way limit the right of a

producing or supplying party (hereinafter "Producing Party") to make whatever use it deems appropriate of its own documents.

2.     All Discovery Material produced in the Action shall be used only for the purposes of prosecuting or defending the Action and shall not be disclosed to any person except in accordance with the terms hereof or as otherwise authorized by law, including those purposes outlined in Section J, below.  The attorneys of record for the Parties and all other persons receiving Discovery Material governed by the Protective Order shall take all reasonable steps to ensure that the Discovery Material governed by the Protective Order are (i) used only for the purposes specified herein, and (ii) disclosed only to authorized persons.  In particular, Discovery Material may not be used for any commercial, business or other purpose.

3.     Under this Protective Order, any Producing Party shall have the right to identify and designate as "Confidential"  Discovery Material that contains proprietary, confidential, commercially sensitive information, personally identifiable information protected under the Privacy Act of 1974, 5 U.S.C. § 552a, or other confidential research, development, or commercial information as such terms are used in Fed. R. Civ. P. 26(c)(1)(G) whether embodied in documents, physical objects or factual knowledge of persons.

4.      Any Producing Party shall have the right to identify and designate as "Highly Confidential" Discovery Material that contains extremely sensitive information including, but not limited to, material protected under Sections 8(a) and 23(h)(2) of the Commodity Exchange Act, 7 U.S.C. §§ 12(a), 26(h)(2), social security numbers, passport numbers or other similarly sensitive personal information, transaction data, non-public proprietary information, financial statements, and tax documents, whether embodied in documents, physical objects or factual knowledge of person.

5.      After the Court enters the Protective Order, a copy of this Protective Order shall be served along with any subpoena served in connection with Action. A non-party who is obligated to provide discovery in this Action by deposition, production of documents, or otherwise, shall be afforded the protections of this Protective Order upon signing the Acknowledgment of Stipulated Protective Order ("Acknowledgment")  attached hereto as Exhibit A.  By signing the Acknowledgment, the non-party also agrees to be bound by the terms of the Protective Order.

6.      Any documents which the Producing Party designates as Confidential or Highly Confidential and files with the Court in this Action, shall no longer be deemed Confidential or Highly Confidential unless the Producing Party filing the

documents has filed such information under seal pursuant to the procedures set forth in Local Rule 79-5.1.

7.     This Order constitutes a court order within the meaning of the Privacy Act of 1974, 5 U.S.C. § 552a(b)(11) and implementing regulations, providing a basis for release of the requested documents and records to Defendants without obtaining prior written consent of the individuals to whom the records pertain, pursuant to the Privacy Act of 1974, 5 USC 552a(b)(11) and Rule 26(c) of the Federal Rules of Civil Procedure. Any such record produced in this Action must be strictly protected in accordance with this Order.

**B.     Designation of Confidentiality**

Discovery Material may be designated Confidential or Highly Confidential within the meaning of this Protective Order as follows:

1.     A Producing Party shall, if appropriate, designate Discovery Material as "Confidential" or "Highly Confidential" by stamping or labeling each page of the Discovery Material, in a manner which will not interfere with its legibility, the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (or "CONFIDENTIAL" if space is limited), or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (or "HIGHLY CONFIDENTIAL" if space is limited), respectively.  Only those portions of a document that deserve protection should be marked as Confidential or Highly Confidential.  The

designation shall not appear on a page of a document unless that page includes information that is Confidential or Highly Confidential under the terms of this Order.

2.      For Discovery Material that cannot be designated in the manner described in Paragraph B(1) above, the Producing Party may designate such Discovery Material as Confidential or Highly Confidential by stamping or labeling the Discovery Material itself or the exterior of the container(s)/media in or on which the Discovery Material is stored with the label that appears in paragraph B(1), above, and so stating in the cover letter or email accompanying the production of Discovery Material.

3.      The designation of Discovery Material as Confidential or Highly Confidential shall be made prior to, or contemporaneously with, the production or disclosure of that Discovery Material.

4.      Portions of depositions shall be deemed Confidential or Highly Confidential only if they are designated as such when the deposition is taken or are so designated in writing within thirty (30) days after the transcript(s) of the deposition is available for review by counsel for a Party or the deponent.  All information disclosed in a deposition shall be treated as Confidential until (30) days after the deposition in order to provide the opportunity for making the Confidential or Highly Confidential designation provided herein.

**C.**       **Disclosure of Confidential Information**

1.       Absent consent of the Producing Party, Discovery Material designated Confidential pursuant to this Protective Order and any information derived therefrom shall only be disclosed or made available by counsel for the Party receiving such Discovery Material to the following persons:

    a.  counsel of record for the Parties, employees of counsel, and CFTC employees and agents who have responsibility for the action;

    b.  individual parties and officers, directors, employees, former employees, and agents of a Defendant , or parent or affiliate of a Party, to whom it is necessary that Discovery Material designated as Confidential under this Protective Order be shown in connection with the preparation and trial of this Action; provided, however, that prior to any such person receiving any Discovery Material designated as Confidential, the person shall execute a copy of Exhibit A – Acknowledgment of Stipulated Protective Order also provided that nothing in this paragraph prohibits the use of Confidential information in summary form and not including information or data that is or may be identifiable as information of any third party in evaluations, analyses or reports provided to senior management, officers or directors in connection with any attempt to settle or otherwise resolve this Action;

    c.  outside consultants, investigators, and experts (hereinafter collectively referred to as "experts") retained by the Parties to assist in the preparation and trial of this Action; provided, however, that prior to any expert receiving any Discovery Material designated as Confidential, the expert shall execute a copy of Exhibit A - Acknowledgment of Stipulated Protective Order;

    d.  any person identified in such materials as the author, sender, addressee, or copy recipient of the Confidential information, provided that prior to such disclosure to any of the foregoing other than the Producing Party, the disclosing party shall use reasonable best efforts to cause the person to whom the Confidential information is to be

Stipulated Protective Order - 7

disclosed to execute a copy of Exhibit A - Acknowledgment of Stipulated Protective Order;

e.  any third-party or party-employee witness being examined in this Action in deposition to whom it is necessary that the Discovery Material designated as Confidential under this Protective Order be shown in connection with the examination, provided, however, that prior to such disclosure any such witness shall be provided with a copy of this Protective Order and the Parties shall use their reasonable best efforts to cause such witness to execute a copy of Exhibit A - Acknowledgment of Stipulated Protective Order;

f.  the Court and its personnel, as well as court reporters and recorders engaged for depositions;

g.  any other person or entity authorized by law; and

h.  any other person only upon order of the Court..

## D.  Disclosure of Highly Confidential Information

1.  Absent consent of the Producing Party, Discovery Material designated Highly Confidential under this Protective Order and/or any information derived therefrom shall only be disclosed or made available by counsel of the Party receiving such Discovery Material to the following persons:

a.  counsel of record for the Parties and employees of counsel who have responsibility for the Action;

b.  one (1) employee of Defendants collectively, to whom it is necessary that Discovery Material designated as Highly Confidential under this Protective Order be shown in connection with the preparation and trial of this action; provided, however, that prior to any such person receiving any Discovery Material designated as Highly Confidential, the person shall execute a copy of Exhibit A - Acknowledgment of Stipulated Protective Order also provided that nothing in this paragraph will prohibit using Highly Confidential information, in summary form and not including information or data that is or may be identifiable as information of any third party, in evaluations, analyses

or reports provided to senior management, officers or directors in connection with any attempt to settle or otherwise resolve the Action;

c. experts retained by the Parties to assist in the preparation and trial of this Action; provided, however, that prior to any expert receiving any Discovery Material designated as Highly Confidential, the expert shall execute a copy of Exhibit A - Acknowledgment of Stipulated Protective Order;

d. any person identified in such materials as the author, sender, addressee, or copy recipient of the Highly Confidential information, provided that prior to such disclosure to any of the foregoing other than the Producing Party, the disclosing party shall use reasonable best efforts to cause the person to whom the Highly Confidential information is to be disclosed to execute a copy of Exhibit A - Acknowledgment of Stipulated Protective Order;

e. any third-party or party-employee witness being examined in this Action in deposition or at trial to whom it is necessary that the Discovery Material designated as Highly Confidential under Protective Order be shown in connection with the examination, provided, however, that prior to such disclosure any such witness shall be provided with a copy of this Protective Order and the Parties shall use their reasonable best efforts to cause such witness to execute a copy of Exhibit A - Acknowledgment of Stipulated Protective Order;

f. the Court and its personnel, as well as court reporters and recorders engaged for depositions; and

g. any other person only upon order of the Court.

**E.** **Restrictions and Procedures Regarding Confidential or Highly Confidential Information**

1. Counsel of record are responsible for employing reasonable measures to control access to and distribution of information designated Confidential or Highly Confidential. Except as provided in paragraphs C(1)(a-h) and D(1)(a-g) above, counsel for the Parties shall keep all documents designated as Confidential or Highly Confidential secure within their possession. Each person accessing or

receiving information designated as Confidential or Highly Confidential shall receive, process, use, store, maintain, disclose, transmit, backup, handle extracts of, and dispose of such information: (i) only in compliance with the terms of this Protective Order; (ii) in a location and manner sufficient to protect such information from unauthorized access or disclosure; and (iii) in accordance with industry standard safeguards and applicable Federal information confidentiality and security laws and regulations. Applicable Federal regulations include the Federal Information Processing Standards ("FIPS") and Special Publications issued by the National Institute for Standards and Technology ("NIST").[1] Specifically with regard to Confidential of Highly Confidential Information produced by the Commission in this action on electronic storage media, the receiving Party must maintain, transmit and store such data only in encrypted form, using an encryption program certified by NIST as FIPS 140-2 compliant.

2.      All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of Discovery Material designated as Confidential or Highly Confidential under this Protective Order or any portion thereof, shall be immediately affixed with the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" if those words do not already appear.

---

[1] These can be found at http://csrc.nist.gov/publications.

3.      If Confidential or Highly Confidential information is to be discussed or disclosed during a deposition, any Party shall have the right to exclude from attendance at the deposition, during the time the Confidential or Highly Confidential information is to be discussed, any person or entity not entitled under this Protective Order to receive such Confidential or Highly Confidential information.

4.      To the extent that any materials subject to this Protective Order (or any pleading, motion, memorandum, affidavit or other papers referring to them) are proposed to be filed or are filed with the Court, the filing of those materials and papers, or any portion thereof, which disclose Confidential or Highly Confidential information, shall conform with Local Rule 79-5.1.  In addition, any Party filing any portion of any papers under seal shall file via ECF a redacted copy of any such papers that removes any and all references to the Confidential or Highly Confidential information.

5.      Unless otherwise ordered, no Discovery Material designated as Confidential or Highly Confidential shall be made public at a hearing or at trial absent an application, which may be oral, to the Court for a ruling or an agreement of the Producing Party permitting such disclosure.  Any Party intending to use at a hearing any Discovery Material designated Confidential or Highly Confidential by another Party shall, where practicable, give advance written notice to the

Stipulated Protective Order - 11

Producing Party so that the Parties may discuss in advance of the hearing proposed procedures for handling such Discovery Material.  .

6.      In the event any Discovery Material designated as Confidential or Highly Confidential is lost, accessed by or disclosed to any person not authorized by this Protective Order to receive the Discovery Material, the Party responsible for the loss, unauthorized access or disclosure shall immediately after discovery of such situation:

   a.  notify the other Parties and, as may be required by law, appropriate law enforcement entity(ies) of the situation in writing. To the extent possible, the notification shall identify the Confidential or Highly Confidential Information at issue, circumstances surrounding the incident (including to whom, how, when and where such information was placed at risk or compromised) and any other information that the Party whose Confidential or Highly Confidential  Information was affected  considers relevant;

   b.  take appropriate action to cure and prevent any further risk of loss, unauthorized access or disclosure of the  information; and

   c.  fully cooperate with the Party whose information was lost, or accessed or disclosed without authorization and, as may be required by law, with any law enforcement authority responsible for investigating and prosecuting any possible criminal law violation(s) associated with the incident.

The identification under this section of a party to whom disclosure was made shall not constitute a waiver of attorney work product or attorney-client privileges.

Nothing contained in this Order shall be deemed or relied upon to limit the rights of the Parties to seek equitable or other relief from the responsible Party in the event of a loss, or unauthorized access or disclosure of Confidential or Highly

Confidential Information, or create any right or benefit, substantive or procedural, for any person or entity other than the Parties.

7.      The Parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all Parties, and any violation of its terms shall be subject to the same sanctions and penalties as if this Protective Order had been entered by the Court.  The Parties may not disclose any Confidential or Highly Confidential material to any party joined as an additional party to the Action unless and until such additional party has agreed in writing to be bound by the terms of this Protective Order.

8.      The Producing Party may withdraw the designation of Confidential or Highly Confidential at any time during the pendency of this matter.

**F.      Challenging Designation of Confidentiality**

If any Party disputes whether any Discovery Material is properly designated as Confidential or Highly Confidential, the Parties agree to attempt to resolve such dispute among themselves.  The Party who disputes the designation shall provide notice of its objection to the Producing Party.  The Producing Party shall then respond in writing within fourteen (14) days with its reason(s) for its designation. The Parties will then confer, in compliance with Local Rule 37, and make reasonable efforts to resolve their differences.  In the event the Parties are not able

to resolve the dispute, the designation of confidentiality may be challenged upon motion under Local Rule 37.  The burden of persuasion in any such challenge proceeding is on the Party asserting such confidentiality.  However, a Party shall not be obligated to challenge the propriety of a designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto.

**G.**     **Inadvertent or Unintentional Disclosure**

1.     If a Party inadvertently produces or provides Discovery Material that contains any Confidential or Highly Confidential information without designating it Confidential or Highly Confidential as provided in this Protective Order, it may be disclosed to others until the receiving Party is notified of the error by the Producing Party and/or the party whose Confidential or Highly Confidential information was disclosed.  The Producing Party may give written notice to the receiving Party that the Discovery Material is Confidential or Highly Confidential and should be treated in accordance with the provisions of this Protective Order.  As soon as the receiving Party receives such notice, the Confidential or Highly Confidential information must be treated as if it had been timely designated under this Protective Order, and the receiving Party must in good faith retrieve copies of the Discovery Material which it distributed or disclosed to persons not authorized to access such Confidential or Highly Confidential information, as well as retrieve copies made by all such persons, and must inform all such persons that the

Confidential or Highly Confidential information is so designated and is subject to this Protective Order.  If the receiving Party becomes aware during the review of any unmarked Discovery Material that such Discovery Material clearly contains Confidential or Highly Confidential information, the receiving Party must immediately notify the Producing Party and sequester the Discovery Material until the Producing Party has had a reasonable opportunity to respond.  Counsel for the Producing Party is responsible for providing substitute copies of Confidential or Highly Confidential Discovery Material marked in accordance with this Protective Order, and counsel for the receiving Party must return or confirm in writing the destruction of unmarked copies upon receipt of any such substitute copies.

2.    Any Discovery Material that contains privileged information, including but not limited to information protected by the attorney-client privilege, the deliberative process privilege or the attorney work product doctrine, shall be immediately returned if the Discovery Material appears on its face to have been inadvertently produced or if there is notice of the inadvertent production.  The receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).  Such inadvertent or mistaken disclosure of such Discovery Material shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity, as provided in Federal Rule of Evidence 502.  However, nothing herein restricts the right of the receiving

party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

**H.**      **Return of Confidential Material at Conclusion of Litigation**

Within sixty (60) days of the conclusion of this litigation and any appeal thereof, all material treated as Confidential or Highly Confidential under this Protective Order and not received in evidence (other than material subject to work product protection) shall be destroyed or returned to the Producing Party, at the option of the receiving Party.  Any work product treated as Confidential or Highly Confidential under this Protective Order shall be destroyed.  Counsel of record for each Party shall make written confirmations of compliance herewith and shall deliver the same to counsel for the Producing Parties not more than ninety (90) days after final termination of this litigation, along with executed copies of Exhibit A - Acknowledgment of Stipulated Protective Order obtained by such counsel. The Clerk of the Court may return to counsel for the Parties, or destroy, any sealed material at the end of the litigation, including any appeals.

**I.**      **Court Retains Jurisdiction**

After the conclusion of this litigation, the provisions of this Protective Order shall continue to be binding and this Court shall retain jurisdiction over all persons who have access to Confidential or Highly Confidential Discovery Material

produced pursuant to this Protective Order for the purpose of enforcement of this

Protective Order, including any appropriate sanctions for violations.

**J.      Use of Discovery Material by the CFTC**

        Notwithstanding the foregoing, nothing in this Protective Order shall limit:

        1.      The CFTC's retention or use of any information designated by any

Party to this Order as Confidential or Highly Confidential for any of the "Routine

Uses of Information" identified in the applicable CFTC Privacy Act System of

Records Notices,  or as otherwise authorized, permitted, or required by statutes and

regulations governing CFTC practice, policy and procedures, including without

limitation the Federal Records Act and Freedom of Information Act; or

        2.      The authority of  the Commission set forth in Sections 8(a)(1) and 12

of the Commodity Exchange Act, 7 U.S.C. §§ 12, 16, to conduct such

investigations as it deems necessary to ascertain the facts regarding the operations

of boards of trade and other persons subject to the provisions of the Act; to

cooperate with any department or agency of the Government of any State, territory,

district or possession, or department, agency, or political subdivision thereof, any

foreign futures authority, any department or agency of a foreign government or

political subdivision thereof, or any person; to provide assistance to any foreign

futures authority if said foreign futures authority so requests; to conduct such

investigation as the Commission deems necessary to collect information and

evidence pertinent to any request for assistance from any foreign futures authority;

or for the Commission to obtain documents, testimony, or information pursuant to

an agreement with a foreign futures authority to provide reciprocal assistance to

the Commission in futures and options matters.

Agreed and Stipulated by:

/s/ Elizabeth N. Pendleton
U.S. Commodity Futures Trading
    Commission
525 W. Monroe St., Suite1100
Chicago, IL 60661
(312) 596-0629
*ependleton@cftc.gov*

*One of the Attorneys for the Plaintiff*

Dated: October 7, 2014

/s/ Michael S. Winsten
Winsten Law Group
27201 Puerta Real, Suite 140
Mission Viejo, CA 92691
(949) 429-3400
*mike@winsten.com*

*Attorney for the Defendants*

Dated: October 7, 2014

**SO ORDERED:**

_____
Hon. Jean P. Rosenbluth

Dated: October 16, 2014

Stipulated Protective Order - 18